UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN THE MATTER OF the Petition of BREE DANIELLE JOHNSON, individually and as next friend of her minor children E.J.J., A.R.J., C.A.J., and A.W.J.; CHARLES THOMAS JOHNSON; and TAMMY JO JOHNSON to Fix Amount and Form of I.C. § 6-610 Bond. | Case No. 4:21-cv-00438-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a Petition to Fix Amount and Form of Idaho Code § 6-610 Bond (Dkt. 1). For the reasons explained below, the Court will grant the motion, approve the form of bond submitted with the motion, conditionally fix the bond amount at $500.00, and direct Petitioners to deposit $1,000 cash into the Court's registry account at the time they file their complaint.

## DISCUSSION

Petitioners intend to sue Officer Elias Aurelio Cerdas of the Idaho Falls Police Department and several other potential defendants including: (1) the City of Idaho Falls; (2) the Idaho Falls Police Department; (3) Idaho Falls Police Chief Bryce Johnson; (3) other, as-yet-unknown, City and Police department employees; (4) Bonneville County; (5) the Bonneville County Sheriff's Office; (6) Bonneville

**MEMORANDUM DECISION AND ORDER - 1**

County Sheriff Samuel Hulse; and (6) other, as-yet-unknown Bonneville County Sheriff's Office employees. Petitioners allege that Officer Cerdas shot and killed Joseph Charles Johnson and that they are Mr. Johnsons' heirs. They intend to pursue federal civil rights claims and state-law claims in this Court. They ask the Court to fix the amount and form of a bond required under Idaho Code § 6-610.

## ANALYSIS

Under Idaho Code § 6-610, plaintiffs who intend to sue law enforcement officers must first post a bond. This requirement is laid out in Idaho Code § 6-610, which provides as follows:

> Before any civil action may be filed against any law enforcement officer . . . when such action arises out of, or in the course of the performance of his duty, . . . the proposed plaintiff or petitioner, as a condition precedent thereto, shall prepare and file with, and at the time of filing the complaint or petition in any such action, a written undertaking with at least two (2) sufficient sureties in an amount to be fixed by the court.

Idaho Code § 6-610(2). The statute goes on to explain that the purpose of the bond requirement is, first, to ensure that the plaintiff diligently pursues the lawsuit and, second, to serve as a fund for the costs, expenses, and attorneys' fees in the event the plaintiff loses. *See id.*

The statutory bond requirement "does not apply to alleged violations of constitutional rights brought pursuant to 42 U.S.C. § 1983." *See ET v. Lake Pend*

**MEMORANDUM DECISION AND ORDER - 2**

*Oreille Sch. Dist. No. 84*, No. 2:10-cv-00292-EJL-CWD, 2012 WL 13133641, at *5 (D. Idaho Jan. 12, 2012). But the bond requirement does apply to the Petitioners' intended state-law claims. The Court must therefore determine the amount of the bond. *See id.* (referring to the bond "in an amount to be fixed by the court").

It is not yet clear precisely what state-law claims Plaintiffs anticipate alleging. Nonetheless, the Court will assume, for purposes of addressing the pending motion, that Plaintiffs' intended state-law claims will fall under the Idaho Tort Claims Act (ITCA).

Under the ITCA, to obtain an award of attorney's fees, a prevailing party must show, "by clear and convincing evidence, that the party against whom or which such award is sought was guilty of bad faith in the commencement, conduct, maintenance or defense of the action." Idaho Code § 6-918A; *see Beehler v. Fremont Cty.*, 182 P.3d 713, 716 (Idaho Ct. App. 2008) ("Section 6-918A is the exclusive means for determining when a party is entitled to receive attorney fees in an action pursuant to the ITCA.").

At this stage of the proceedings, the petitioners have not lodged a proposed complaint with the Court, so the Court cannot precisely evaluate their claims. But the petitioners have filed a copy of their Notice of Tort Claims Act. Based on the

**MEMORANDUM DECISION AND ORDER - 3**

facts alleged in that petition, there does not appear to be any indication of bad faith, and thus no indication that the defendants, if they were to prevail, would be entitled to attorney's fees under § 6-918A. Thus, based upon the information before it, the Court finds a minimal bond requirement in the amount of $500 to be appropriate.

Finally, the Court notes that the prospective defendants have neither been served nor entered an appearance in this action. The pending Petition to Fix Amount and Form of Idaho Code § 6-610 Bond is thus brought ex parte and the defendants have not had an opportunity to respond to the motion or otherwise set forth their position regarding the amount or form of bond. But § 6-610 has safeguards in place that will allow the defendants to take exception to the sufficiency of the amount of the bond at any time during the course of this action. *See* Idaho Code § 6-610(4). If, upon such exception, the Court finds the bond to be in an insufficient amount, the Court will require that a new bond, in a sufficient amount, be filed by the Petitioners within five days of entry of the Court's order. *Id.* § 6-610(7). "If no such bond is filed as required by the order of the court," the state law claims against the law enforcement officers will be dismissed. *Id.*

**MEMORANDUM DECISION AND ORDER - 4**

## ORDER

**IT IS ORDERED that:**

1. Petitioners' Motion to Fix Amount and Form of I.C. § 6-610 Bond (Dkt. 1) is **GRANTED**.

2. The Court conditionally sets the amount of the required bond at $500, subject to any named defendants' right to except to that amount as set forth in Idaho Code § 6-610(4).

3. If such an exception is filed, the Court will then consider whether the bond amount should be increased

4. At the time of filing their anticipated complaint alleging state-law claims against law enforcement officers, Petitioners shall file a signed and dated copy of the Proposed Bond that was attached to their Petition.

5. At the time of filing their anticipated Complaint alleging state-law claims against law enforcement officers, Petitioners shall deposit into the Court's registry account $1,000 to serve as two sufficient sureties for their Bond.

DATED: December 1, 2021

B. Lynn Winmill
U.S. District Court Judge